UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA BOURNE,

Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE OF THE US ATTORNEY'S OFFICE; UNITED STATES ATTORNEY'S OFFICE EASTERN DISTRICT OF NEW YORK,

Defendants.

**MEMORANDUM & ORDER**
26-MC-66 (NRM)

MARIA BOURNE,

Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY'S OFFICE EASTERN DISTRICT OF NEW YORK; PATRICIA NOTOPOULOS, ESQ.; TONI MELE, ESQ.; SOUMYA DAYANANDA, ESQ.; JASON MOUNT; ANDREW GOLDSTEIN; JAMES MODICO; CHRISTIAN ANDRETTA; JOSEPH QUATTROCHI; DANNY LEE; JERRY DINOPOLI; EUGENE COZZA; HEATHER SHAND OMALLEY; EDDIE ALVARIAN,

Defendants.

26-CV-170 (NRM) (TAM)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Maria Bourne filed these related actions against the U.S. government and various government officials in January 2026. In each, she asks the Court to compel federal government agencies and officials to produce documents relating to Plaintiff's 2010 arrest and prosecution, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On April 3, 2026, and May 15, 2026 — after Defendants informed the Court that they had provided Plaintiff with redacted copies of the requested documents — the Court issued an Order directing Plaintiff to show cause as to why the case should not be dismissed as moot. Plaintiff responded to both Orders and later filed a motion to consolidate the related civil action, Case No. 26-CV-170, into the first-filed miscellaneous action, Case No. 26-MC-66. For the reasons discussed below, Plaintiff's motion to consolidate is granted, and the consolidated case is dismissed as moot.

## BACKGROUND

In January 2026, Plaintiff Maria Bourne filed the above-captioned matters seeking documents relating to her 2010 arrest and prosecution. On January 6, 2026, she filed a motion to compel in case No. 26-MC-66 (the "miscellaneous action"), seeking a warrant for her arrest dated October 7, 2010, and a superseding indictment upon which the arrest warrant was based. No. 26-MC-66, ECF No. 1 ("Mot. to Compel") at 3. On January 13, 2026, she filed a complaint in Case No. 26-CV-170 (the civil action), alleging FOIA violations and asking the Court to compel production of the October 7, 2010 arrest warrant and the indictment upon which it was based.

No. 26-CV-170, Compl. at 7–9, ECF No. 1. Both actions followed Plaintiff's FOIA requests in May[1] and September 2025. Mot. to Compel at 1–2, 5–6; Compl. at 2, 7–8.

***Overview of the Prior Criminal Case***

Plaintiff, also known as "Maria Alleyne," was originally charged pursuant to a Third Superseding Indictment ("S-3"), which provided the basis for an arrest warrant issued by Magistrate Judge James Orenstein on October 7, 2010.[2] *See* Mot. to Compel at 6; No. 26-MC-66, ECF No. 11 at 1, 3. However, the S-3 was dated October 8, 2010. No. 26-MC-66, ECF No. 11at 2.

Plaintiff was charged with one count of structuring conspiracy in violation of 31 U.S.C. § 5324(a)(3) and six counts of structuring in violation of 31 U.S.C. § 5325. *Id.* at 98–101. She pled not guilty and was acquitted after a jury trial on October 24, 2011. *United States v. James et al.*, No. 08-CR-00888, J. of Acquittal, ECF No. 277 (E.D.N.Y. Oct. 27, 2011).

## PROCEDURAL POSTURE

---

[1] Plaintiff first asserts that she filed the FOIA request on May 9, 2025, and later that she filed on May 15, 2025. Mot. to Compel at 1, 5. The exact date is irrelevant to this current proceeding. Plaintiff stated that in her May 2025 FOIA request, she also requested the money order receipts presented to the grand jury that returned her indictment. *Id.* at 5–6. She ostensibly omits her requests for money order receipts from the instant lawsuits. *See id.* at 1–2; Compl. at 7–8.

[2] The government added Plaintiff as the third defendant in the S-3. *See* ECF No. 11 at 3. The first two superseding indictments listed only Victor Bourne and Miguel Bozza as defendants. *Id.* at 13.

On February 24, 2026, Defendants produced the requested records to Plaintiff by mail through the Executive Office for United States Attorneys ("EOUSA"). *See* No. 26-MC-66, ECF No. 6 at 1. The Court subsequently ordered a joint status report on March 3, 2026, directing the parties to indicate whether they consented to dismissal of the underlying action. No. 26-MC-66, Dkt. Order dated Mar. 3, 2026. The parties submitted their status report on March 31, 2026, in which the government indicated that Plaintiff did not consent to dismissal. *See* No. 26-MC-66, ECF No. 7 at 2.

***A. Order to Show Cause Regarding Mootness***

On April 3, 2026, the Court ordered Plaintiff to show cause as to why the case should not be dismissed as moot in light of the government's recent voluntary production. No. 26-MC-66, Order to Show Cause ("OTSC") dated Apr. 3, 2026. Plaintiff responded on April 17, 2026, seeking an unredacted copy of her arrest warrant and contending that the indictment the government produced was not the indictment that led to the warrant for her arrest, because it was dated October 8, 2010 (*i.e.,* the day after the warrant was issued). *See* No. 26-MC-66, ECF No. 8 ("Pl.'s OTSC Resp.") at 4–5, 7. She maintained that the indictment giving rise to the warrant must have been returned on or before October 7, 2026. *See id.* Thus, Plaintiff inferred that the indictment the government produced in the miscellaneous action was "not the same indictment that was filed in court on Oct. 7, 2010, that gave the Magistrate Judge the authority to sign the arrest warrant on the 7th." *Id.* at 5.

On April 20, 2026, the Court ordered the government to file a letter "indicating whether they are willing to provide Plaintiff with the unredacted arrest warrant, and, if so, including a proposed protective order pertaining to the unredacted arrest warrant," as well as responding to Plaintiff's allegations above. No. 26-MC-66, Dkt. Order dated Apr. 20, 2026. In a response letter filed on May 10, 2026, the government stated that the EOUSA's "extremely limited redactions ([five] instances of law enforcement and grand jury foreperson names across 28 pages)" were appropriate under 5 U.S.C. §§ 552(b)(6) and 552(b)(7)(C), and that that dates were a result of a late upload by the Clerk's Office. No. 26-MC-66, ECF No. 10 at 3.

Plaintiff filed a letter in response on May 28, 2026, arguing that the government had contradicted its previous positions regarding the date of the S-3 indictment. She noted that, on two occasions, the government represented that the indictment was dated October 6, 2010. No. 26-MC-66, ECF No. 11 at 2. In an October 14, 2010 letter, filed shortly after Plaintiff was arrested, the government stated that the grand jury returned the S-3 on October 6, 2010. *See* No. 26-MC-66, Letter dated May 28, 2026 ("Pl.'s Redaction Resp.") Ex. B ("Oct. 14, 2010 Letter") at 13, ECF No. 11. Additionally, in the current proceedings, the government stated that "the third superseding indictment that was produced to Plaintiff *is* in fact the October 6, 2010 superseding indictment pursuant to which the Magistrate Judge issued the October 7, 2010 arrest warrant," and the indictment was dated October 8, 2010 because "the Clerk's Office did not upload the S-3 indictment of October 6, 2010 until October 8, 2010." No. 26-MC-66, ECF No. 10 at 2–3.

Plaintiff relies chiefly on to the government's letter dated July 7, 2020, in the underlying criminal proceedings against her son, Victor Bourne, which opposed his motion to vacate and set aside his conviction, and in which an AUSA stated to the Court that the grand jury returned the S-3 on October 8, 2010. No. 26-MC-66, Mem. of Law in Opp'n to Mot. Pursuant to 28 U.S.C. § 2255, ECF No. 11 ("Opp'n to Mot. to Vacate") at 22. Specifically, post-conviction counsel for the government (who did not participate in Bourne's trial) noted in its July 2020 letter that, "[b]ased upon a typographical error in a document that identified the October 8, 2010 indictment as being filed on October 6, 2010, the defendant has sought a copy of the indictment from the October 6, 2010 grand jury. The government has repeatedly advised the defendant that there is no October 6, 2010 indictment." *Id.* at 11 n.5.

Plaintiff asserts here that the "government's new position that there is no other indictment contradicts its grand jury presentation on October 8, 2010, that the plaintiff was already a defendant." Pl.'s Redaction Resp. at 4; *id.* Ex. D[3] ("Grand Jury Trs.") at 54. However, Plaintiff supports this assertion by attaching a transcript excerpt with no date listed.[4] The excerpt also refers to Plaintiff as a criminal

---

[3] The Court notes that the Exhibit D cover page appears to follow the documents it was intended to label, given that it is immediately followed by the Exhibit E cover page. *See* ECF No. 11 at 81–82. The Court infers that Exhibit D applies to the transcript excerpts from the grand jury proceedings from pages 50 to 80 of ECF No. 11.

[4] Victor Bourne also identified the transcript as dated October 8, 2010, in his motion to unseal the indictment. *See United States v. James et al.*, No. 08-CR-888, Def.'s Mem. of Law, ECF No. 489-1 at 5.

defendant shortly after referring to the "*proposed* indictment" and describing Plaintiff's role in the Bourne organization. Grand Jury Trs. at 51–54 (emphasis added).

Ultimately, Plaintiff asks this Court to either (1) "[c]ompel the government to provide the entire October 8, 2010 grand jury transcript to the Court in camera" or (2) "order the government to provide the [P]laintiff with the indictment which was filed in the Court on October 7, 2010, giving the magistrate judge the authority to issue the said arrest warrant for the [P]laintiff." Pl.'s Redaction Resp. at 5–6.

### *B. Motion to Consolidate*

On June 18, 2026, Plaintiff filed a motion to consolidate the above-captioned cases. No. 26-MC-66, ECF No. 14 ("Consolidation Mot."). She stated that she inadvertently filed a duplicate copy of her May 28, 2026 letter in No. 26-CV-170, in response to the Court's Order in No. 26-MC-66. *Id.* at 1. Plaintiff asked the Court to consolidate both cases into the miscellaneous action, since the Court "ha[d] already made several orders in [No. 26-MC-66]" and she "d[id] not want to have the same matter in another court." *Id.* She also attached a copy of arrest warrant dated October 7, 2010. Consolidation Mot. Ex. A ("Arrest Warrant"), ECF No. 14.

Defendants filed an opposition to the consolidation motion on June 24, 2026. No. 26-MC-66, ECF No. 15 ("Defs.' Opp'n to Mot."). They argued that, although the miscellaneous action (labeled "*Bourne I*") was filed before the civil action (labeled "*Bourne II*"), the miscellaneous action should be dismissed as duplicative because the civil action "is the more appropriate vehicle for Plaintiff's claims." *Id.* at 2.

Specifically, they contend that a FOIA action can only be initiated by a complaint, and that Plaintiff improperly commenced the miscellaneous action through a motion to compel. *Id.* at 2–3 (citing 5 U.S.C. § 552(a)(4)(B)).

On July 1, 2026, the Court directed Plaintiff to file a letter "indicating whether she has any objection to the Court dismissing the [miscellaneous] action as duplicative of the related [civil] case rather than consolidating the two actions." No. 26-MC-66, Dkt. Order dated July 1, 2026. Plaintiff responded on July 6, 2026, explaining that when she initiated the miscellaneous action, she "was advised to amend her document" because her "pleading was labeled 'motion' instead of 'complaint.'" No. 26-MC-66, ECF No. 16 ("Pl.'s Reply") at 1. She stated that "[i]n an effort to perfect her filing, [she] changed the caption of her filing from 'motion' to 'complaint' and added additional defendants. These papers were given another docket number when they were filed on January 16, 2026."[5] *Id.* She argued that the miscellaneous action "is significantly further into litigation than the [related civil action]," and that the Court should consolidate the cases pursuant to Fed. R. Civ. P. 42(a). *Id.* at 3–4.

**DISCUSSION**

Along with her motion to consolidate, Plaintiff argues that the miscellaneous action should not be dismissed as moot and seeks an unredacted version of her October 7, 2010 arrest warrant and "the specific indictment . . . which gave the

---

[5] Plaintiff's reference to a January 16, 2026 filing date appears to be in error, as the civil action was filed on January 13, 2026.

magistrate judge his authority to issue the same warrant." Pl.'s OTSC Resp. at 7. The Court will first address Plaintiff's consolidation motion and next evaluate whether the miscellaneous action should be dismissed as moot.

***A. Plaintiff's Motion to Consolidate is Granted***

Under Fed. R. Civ. P. 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The Court "'has broad discretion in determining whether consolidation is appropriate,' and must balance the efficiency gained through consolidation against possible prejudice to the parties." *Robert v. Dep't of Justice*, No. 05-CV-2543 (NGG) (ETB), 2005 WL 3371480, at *7 (E.D.N.Y. Dec. 12, 2005) (quoting *Johnson v. Kerney*, No. 91-CV-1993, 1993 WL 547466, at *6 (E.D.N.Y. Dec. 22, 1993)), *aff'd as modified*, 439 F. App'x 32 (2d Cir. 2011) (summary order). The Second Circuit has instructed that, "'[i]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999) (noting also that "consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*" (emphasis in original))).

While some of the defendants differ between Plaintiff's miscellaneous and civil actions, her requested relief is identical: production of an unredacted copy of her October 7, 2010 arrest warrant and the indictment upon which the warrant is based. They are also both brought under FOIA and follow Plaintiff's multiple FOIA requests.

Mot. to Compel at 2–3; Compl. at 7–8. Neither party objects to streamlining Plaintiff's grievances into a single action. *See* Consolidation Mot. at 1; Opp'n to Mot. at 2. The government simply contends that it is more procedurally correct for the civil action to proceed, instead of the miscellaneous one. Opp'n to Mot. at 2–3.

The Court finds that both actions deal with a common question of law and fact and that neither party would be prejudiced by their consolidation. Moreover, the efficiency gained by consolidating the actions is substantial. Thus far, much of the litigation in the civil action has dealt with perfecting Plaintiff's service upon Defendants. *See, e.g.*, No. 26-CV-170, Dkt. Order dated May 19, 2026. Having finally been served on June 1, 2026, Defendants had a deadline[6] to answer or otherwise respond to the complaint by July 31, 2026, *see* Dkt. Order July 17, 2026 — in which they would likely reiterate many of their arguments raised in letters filed in the miscellaneous action. Consolidating these cases will avoid further duplicate filings and parallel proceedings. And consolidating the cases allows the Court to resolve both cases by determining whether Plaintiff's claims are moot, in light of the filings and exhibits contained in the miscellaneous action.

### *B. The Consolidated Action is Dismissed as Moot*

1. <u>Unredacted Arrest Warrant</u>

As mentioned above, Plaintiff seeks an unredacted arrest warrant and a copy of the indictment upon which the warrant is based.

---

[6] The answer deadline is presently stayed. *See* No. 26-CV-170, Dkt. Order dated July 23, 2026.

Plaintiff is now in possession of the arrest warrant. *See* Arrest Warrant at 8. While the arrest warrant is partially redacted, those redactions are limited: they obscure only the issuing officer and arresting officers' name, titles, and signatures. *Id.*

Title 5 Section 552(b) of the United States Code states that agencies need not make available to the public information that relates to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6) ("Exemption 6"), nor "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)").

"Exemption 7(C) requires a court to 'balance the public interest in disclosure against the [privacy] interest Congress intended the Exemption to protect.'" *Associated Press v. U.S. Dep't of Def.*, 554 F.3d 274, 284 (2d Cir. 2009). Furthermore, "FOIA requires only a measurable interest in privacy to trigger the application of the disclosure balancing tests." *Fed. Lab. Rels. Auth. v. U.S. Dep't of Veterans Affs.*, 958 F.2d 503, 510 (2d Cir. 1992). The only relevant public interest in this test "is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 495 (1994)

(quoting *Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989)) (citations modified).

Here, Defendants' redactions fall within FOIA exemptions, given the privacy interest held by the individuals whose names and signatures were redacted. *See Halpern v. F.B.I.*, 181 F.3d 279, 296–297 (2d Cir. 1999) (finding that redactions relating to the identities of FBI officials were exempted as law enforcement records, "the release of which could reasonably be seen as unwarranted invasion of personal privacy"); *Hogan v. Huff*, No. 00 CIV. 6753 (VM), 2002 WL 1359722, at *9 (S.D.N.Y. June 21, 2002) ("Any disclosure of the names of law enforcement personnel involved in an investigation could potentially lead to harassment and interference with the enforcement officer's duties.").

There is also little, if any, public interest in producing the unredacted versions that is sufficient to overcome these privacy interests. Plaintiff claims that these documents "would further the public interest in revealing whether ICE agents and members of the prosecution fraudulently procured an arrest warrant for the plaintiff," Pl.'s OTSC Resp. at 6. But she has not plausibly alleged any facts that would permit this Court to infer that the agents who sought and obtained the warrant for her arrest committed such fraud. Standing alone, her bare allegations that the public has a right to know the officers' names and personal information because they might have committed fraud in the events that led to her 2010 prosecution (even though she was ultimately acquitted) is insufficient to require that their personal information be produced to her under FOIA.

2. <u>S-3 Indictment</u>

The Court acknowledges that the government, on different occasions, has represented or otherwise indicated that the S-3 indictment was issued on October 6, 2010, or October 8, 2010. However, there is no evidence that these inconsistent representations were anything but accidental, as opposed to a conspiracy to obscure the true sequence of events in Plaintiff's arrest and prosecution. The government has, by and large, consistently stated that the S-3 was issued on October 6, 2010 (before the arrest warrant), but was not uploaded to the public docket by the clerk's office until October 8, 2010. The only time the government has indicated otherwise — that the S-3 was issued on October 8, 2010 — was in a July 7, 2020 letter opposing Victor Bourne's motion to vacate his conviction. Opp'n to Mot. to Vacate at 22. This letter was written ten years after the actual grand jury proceedings, and the AUSA responsible for the letter, Richard P. Donoghue, *id.* at 49, was not listed as counsel in the original criminal case. *See United States v. James*, No. 08-CR-888.

The Court thus finds no reason to discredit the government's present representation that the S-3 was issued on October 6, 2010, but docketed two days later — and that the government's then-post-conviction counsel was simply mistaken when he told the Court in July 2020 that "there is no October 6, 2010 indictment." Opp'n to Mot. to Vacate at 11 n.5. First, AUSA Donoghue was incorrect that the indictment was identified as being "filed" on October 6, 2010. The document itself is undated, and its docket number is dated October 8, 2010. *See United States v. James*, No. 08-CR-888, ECF No. 129. More importantly — as Plaintiff has repeatedly pointed

out — it does not make sense that an arrest warrant dated October 7, 2010, and issued pursuant to a superseding indictment would precede the indictment itself. But the government has represented to this Court that the indictment was, in fact, returned on October 6, 2010 (*i.e.,* the day before Plaintiff's arrest warrant). And Plaintiff has failed to plausibly allege any facts from which the Court can conclude that a widespread conspiracy existed to conceal a different chronology of events.

Because the government's then-counsel was likely mistaken in asserting in July 2020 that the S-3 was issued on October 8, 2010, and only did so ten years after the S-3 and arrest warrant were issued, the Court concludes that the single instance of an earlier inconsistency in the government's position likely resulted from mere inadvertence. Thus, there is no basis for the Court to conclude that the government possesses any indictment related to Plaintiff's prosecution other than the S-3 indictment on the public docket, a copy of which is already in Plaintiff's possession.

Accordingly, the Court concludes that Plaintiff is in possession of all the documents she seeks and which she is entitled to have produced under FOIA – namely, a partially redacted version of her October 7, 2010 arrest warrant, and the indictment upon which it is based – and dismisses this case as moot.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion to consolidate case is granted. Case No. 26-CV-170 is hereby consolidated into No. 26-MC-66, and the consolidated case is dismissed as moot. The Clerk of the Court is respectfully directed

to mail a copy of this Memorandum and Order to *pro se* Plaintiff, note the mailing on the docket, and close this case.

**SO ORDERED.**

Dated: October 22, 2026
Brooklyn, New York

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge